IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSE CHACON-RIOS<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>DENYING § 2255 PETITION<br><br>Civil Case No. 2:08-CV-00246-TC<br><br>Criminal Case No. 2:00-CR-00007-TC-2 |

On March 28, 2008, Jose Chacon-Rios filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255[1]. He seeks a court order modifying the sentence he received after being convicted by a jury of conspiracy to distribute methamphetamine and to possess methamphetamine with intent to distribute, Case No. 2:00-CR-00007-TC-2. The jury found that Mr. Chacon-Rios conspired to distribute five pounds of methamphetamine. Mr. Chacon-Rios was subject to a ten-year minimum mandatory sentence, followed by five years of supervised release.

The probation office calculated Mr. Chacon-Rios' base offense level (based on five pounds of methamphetamine) as 34 and a criminal history category of I. (Presentence Report 3, 9.) These calculations resulted in a guideline range of 151 to 188 months. (Id. at 9.)

---

[1]On May 19, 2008, Mr. Chacon-Rios filed an "amended" petition. He contends, in addition to his previous claims, that his trial counsel was ineffective by failing to advise him concerning the proposed plea agreement offered by the government.

The court found, based on the testimony at trial and the evidence proffered by the government at the sentencing hearing, that a sentence above the 120-month minimum mandatory sentence was reasonable and sentenced Mt. Chacon-Rios to 188 months in custody.

Mr. Chacon-Rios appealed his conviction arguing that the evidence was insufficient to sustain a guilty verdict and that the court's instructions to the jury were erroneous.  The Tenth Circuit Court of Appeals affirmed the conviction holding that "substantial evidence supports Mr. Chacon-Rios' conspiracy conviction" and that the "district court did not abuse its discretion in refusing Mr. Chacon-Rios' requested [jury] instructions." United States v. Chacon-Rios, 220 Fed. Appx. 782, 787 (10th Cir. 2007).

In his Motion, Mr. Chacon-Rios claims that his attorney was ineffective and committed several errors that resulted in his receiving a greater sentence than warranted.

**ANALYSIS**

Mr. Chacon-Rios advances the following grounds in support of his petition.  He argues that he received ineffective assistance of counsel on appeal when his attorney did not raise the issues of the district court's refusal to find that Mr.Chacon-Rios qualified under the safety valve and was a minor participant in the offense.  He also contends that, following his conviction, his trial attorney was ineffective by urging him to admit that he possessed thirteen pounds of methamphetamine in order to qualify for the safety valve.  In his amended petition, he argues that his trial counsel was ineffective by failing to advise him about "how to deal with the offered plea bargain." (Am. Pet., Dkt. # 2 at 2.)

Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." <u>James v. Gibson</u>, 211 F.3d 543, 555 (10th Cir. 2000), cert. denied, 531 U.S. 1128 (2001) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).  To succeed on the deficiency prong, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>James</u>, 211 F.3d at 555 (citing <u>Strickland</u>, 466 U.S. at 689). "Judicial scrutiny of counsel's performance is highly deferential." <u>Id.</u>  To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.  There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption.  <u>James</u>, 211 F.3d at 555.

Safety Valve

Mr. Chacon-Rios contends that on appeal his appellate attorney should have raised the district court's decision not to grant him a downward departure pursuant to the safety valve provisions of 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2(a).  But the deferential standard of review that an appellate court gives to the sentencing court's decisions regarding eligibility for safety valve relief and the facts of this case show that Mr. Chacon-Rios' appellate counsel wisely did not raise the issue.

In <u>United States v. Stephenson</u>, 452 F.3d 1173 (10th Cir. 2006), the defendant challenged the district court's refusal to grant him relief under the safety valve.  Although the defendant had

3

met the first four criteria of the safety valve, the district court agreed with the government that the defendants "proffer letter" was not sufficient to meet the final requirement that a defendant truthfully provide information to the government. Id. at 1179. The appellate court upheld the district court's determination, noting that a defendant bears the burden of proving by a preponderance of the evidence entitlement to the safety valve adjustment and that it would review the district court's decision for clear error. Id. The appellate court stated that when the offense involves conspiracy, "we require the defendant to disclose not only everything he knows about his own actions, but also everything he knows about his co-conspirators." Id. at 1180.

Here, at the sentencing hearing, the government made a proffer showing that Mr. Chacon-Rios gave false information to Special Agent Russ Johnson of the Federal Bureau of Investigation. (Special Agent Johnson was available for cross examination.) (Hr'g Tr. 16-19, May 23, 2006.) The false statements were significant, relating to such matters as the amount of methamphetamine Mr. Chacon-Rios transported and the length of his involvement in the conspiracy. (Id.) The government also pointed out that the various recordings of Mr. Chacon-Rios' conversations supported the government's contentions. (Id. at 4.) Mr. Robert Breeze, who represented Mr. Chacon-Rios at trial and at the sentencing, admitted that the court had heard the evidence at trial, including the recordings, and for that reason, "that's why we were willing to admit this amount [13.5 pounds of methamphetamine], to be quite frank with you." (Id. at 7.)

The government also argued that the evidence showed that Mr. Chacon-Rios had been involved far longer in the conspiracy than he admitted. Based on the evidence the court had heard at trial, the court agreed. (Id. at 17-21, 25.)

Accordingly, based on all the evidence that the court had heard at trial and the sentencing

hearing, the court found that it did not have to reach the question whether Mr. Chacon-Rios qualified for the safety valve reduction because a reasonable sentence, considering Mr. Chacon-Rios' history of drug-trafficking, violence and illegal presence in the United States, was 188 months, well-above the minimum-mandatory sentence which the safety valve would have allowed him to escape. (Id. at 25-26.)

Accordingly, Mr. Chacon-Rios' appellate attorney wisely did not raise any issue concerning the safety valve.

### Government's Plea Offer

Looking at Mr. Chacon-Rios' final argument that his trial attorney did not counsel him about the wisdom of accepting the government's plea offer, the record in the case belies his argument. Once Mr. Breeze was appointed as counsel for Mr. Chacon-Rios, he advocated vigorously on behalf of his client. The docket in this case shows that clearly. In fact, the record shows that Mr. Chacon-Rios was scheduled to plead guilty on May 16, 2005. (Hr'g Mins., Mar. 7, 2005, Case No. 2:00-CR-00007-TC-2, Dkt. # 51.) The change of plea did not go forward, and following a flurry of motions and evidentiary hearings, on July 17, 2006, trial began.

Mr. Chacon-Rios' unsupported, conclusory claim simply is not sufficient to convince the court that the relief he seeks should be granted.

For the above reasons, Mr. Chacon-Rios' petition is DENIED.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge